UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEVEN LAWRENCE, )
   Plaintiff, )
 )
v. )
) DOCKET NO.
)
CHEMDESIGN CORPORATION; )
BAYER CORPORATION; and BAYER )
CORPORATION SEVERANCE PAY PLAN, )
   Defendants. )

**04-40067-NMG**

## COMPLAINT AND CLAIM FOR JURY TRIAL

### Jurisdiction

1. Jurisdiction of this action arises under the Employment Retirement Income Security Act ("ERISA") 29 U.S.C. sec. 1001 et seq.

### Venue

2. Venue is proper in this court in that this is the judicial district in which Plaintiff resides and in which the relevant events occurred.

### Parties

3. Plaintiff Steven Lawrence ("Plaintiff") is an individual who resides in Orange, Worcester County, Massachusetts.

4. Defendant ChemDesign Corporation ("ChemDesign") is a corporation doing business in Massachusetts with a principal place of business at 99 Development Road, Fitchburg, Worcester County, Massachusetts.

5. Defendant Bayer Corporation ("Bayer") is a corporation doing business in Massachusetts with a principal place of business at 100 Bayer Road, Pittsburgh, PA.

RECEIPT # 404312
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK
DATE 5-3-04

6. Defendant Bayer Corporation Severance Pay Plan (the "Bayer Plan") is an employee welfare benefit plan within the meaning of and subject to the Employment Retirement Income Security Act ("ERISA") 29 U.S.C. sec. 1001 et seq. Bayer is the administrator and sponsor of the Bayer Plan.

## General Allegations

7. Plaintiff was employed by ChemDesign beginning on or about September 4, 1989.

8. Plaintiff held several positions during the course of his employment, including chemical operator, assistant production clerk and mail person.

9. At times material, Bayer was the parent company of ChemDesign, owning 100% of the stock of ChemDesign.

10. On or about November 30, 2001, Bayer sold the stock of ChemDesign to a company called Chestnut Acquisition Corporation.

11. In connection with Bayer's sale of the stock of ChemDesign to Chestnut Acquisition Corporation, Bayer contracted to assume certain liabilities of ChemDesign, one of which may be the payment of the vacation pay and/or severance benefits sought by this action.

12. ChemDesign and Bayer are referred collectively hereinafter as the "Defendants."

13. In approximately February 2000, Plaintiff went out of work on a medical leave of absence for a work related injury.

14. In approximately June 2001, Plaintiff sought a return to work from this medical leave of absence but was informed that there were no available positions for him.

15. Accordingly, Plaintiff remained out of work on the leave of absence.

16. During the course of this leave of absence, Plaintiff received worker's compensation benefits and short term and long term disability benefits under Bayer's Disability Plan.

17. By the time of this leave of absence, Plaintiff had accrued approximately 10 weeks of vacation pay worth approximately $8,000.00.

18. During his leave of absence, Plaintiff requested payment from Defendants of his unpaid accrued vacation pay.

19. Defendants, however, refused to pay Plaintiff the vacation pay, stating that he could not receive it if he was out on worker's compensation.

20. In February 2003, Plaintiff settled his worker's compensation claim and thus was no longer receiving worker's compensation benefits.

21. Plaintiff renewed his request for payment of his unpaid accrued vacation pay to both ChemDesign and Bayer.

22. Defendants have refused payment of the unpaid accrued vacation pay, stating that they had no records showing Plaintiff's entitlement to it.

23. Plaintiff made a timely complaint to the Attorney General's Fair Labor and Business Practices Division regarding this unpaid vacation pay.

24. On June 17, 2003, Attorney General's Fair Labor and Business Practices Division issued Plaintiff a notice of right to bring a private civil action regarding the unpaid vacation pay.

25. Plaintiff was entitled to severance benefits under the Bayer Plan.

26. Plaintiff made demand for severance benefits, but such benefits were denied.

27. On or about March 14, 2003, Plaintiff appealed the denial of severance benefits to Bayer's ERISA Review Committee.

28. By letter dated April 9, 2003, Bayer's ERISA Review Committee denied Plaintiff's appeal regarding severance benefits.

## COUNT I
## (ERISA)

29. Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 28 above as if fully set forth herein.

30. The Bayer Plan is an employee welfare benefit plan within the meaning of and subject to the Employment Retirement Income Security Act ("ERISA") 29 U.S.C. sec. 1001 et seq.

31. Bayer is the administrator and sponsor of the Bayer Plan.

32. Plaintiff's denial of severance benefits under the Bayer Plan was wrongful and not in accordance with the terms of the Bayer Plan.

33. The denial of severance benefits under the Bayer Plan was arbitrary and capricious.

34. Plaintiff challenges this adverse benefit determination pursuant to 29 U.S.C. Sec. 1132 (a)(1)(B).

## COUNT II
## (Violation of M.G.L. c. 149, §§ 148 and 150)

35. Plaintiff repeats and realleges all of the allegations of paragraphs 1 through 34 above as if fully set forth herein.

36. Defendants failed to pay Plaintiff his unpaid accrued vacation pay.

37. Such failure to pay accrued vacation pay represents a failure to pay wages in violation of M.G.L. c. 149, §§ 148 and 150.

## RELIEF SOUGHT

WHEREFORE, the Plaintiff prays that this Honorable Court:

A. Enter judgment against Bayer and/or the Bayer Plan on Count I for the amount of severance benefits due Plaintiff, plus reasonable attorneys' fees, interest and costs.

B. Enter judgment against Defendant ChemDesign on Count II for the amount of vacation pay due Plaintiff, plus treble damages, reasonable attorneys' fees, interest and costs.

C. Enter judgment against Defendant Bayer on Count II for the amount of vacation pay due Plaintiff, plus treble damages, reasonable attorneys' fees, interest and costs.

D. Enter such other and further relief as this Honorable Court may deem just and proper.

**PLAINTIFF CLAIMS A TRIAL BY JURY ON ALL COUNTS.**

STEVEN LAWRENCE,

By his Attorney,

*/s/ Richard A. Mulhearn*

Richard A. Mulhearn
BBO #: 359680
Law Offices of Richard A. Mulhearn
41 Elm Street
Worcester, MA 01609
Telephone: (508) 753-9999

Date: April 26, 2004.

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Steven Lawrence

**DEFENDANTS**

ChemDesign Corp., Bayer Corp. and Bayer Corporation Severance Pay Plan

(b) County of Residence of First Listed Plaintiff: **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Richard A. Mulhearn, Esq., Law Offices of Richard A. Mulhearn
41 Elm St., Worcester, MA 01609    508-753-9999

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury— Med. Malpractice
- ☐ 365 Personal Injury— Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

ERISA 29 U.S.C. sec. 1001; severance benefits and vacation pay claim

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 5/3/04
SIGNATURE OF ATTORNEY OF RECORD: /s/ Richard Mulhearn

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-40067

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Steven Lawrence v. ChemDesign Corp.__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   __    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   __    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   __    V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES     (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES     (NO)

   YES     NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES     (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   (YES)    NO

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

   EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

   EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Richard A. Mulhearn, Esq., Law Offices__
ADDRESS __41 Elm St., Worcester, MA 01609__
TELEPHONE NO. __(508) 753-9999__

(Cover sheet local.wpd - 11/27/00)