UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN LAWRENCE, ) | |
| ) | |
| Plaintiff ) | Docket No. 04-40067-NMG |
| ) | |
| v. ) | |
| ) | |
| CHEMDESIGN CORPORATION; ) | |
| BAYER CORPORATION; and BAYER ) | |
| CORPORATION SEVERANCE PAY ) | |
| PLAN, ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF BAYER CORPORATION AND
BAYER CORPORATION SEVERANCE PAY PLAN**

Bayer Corporation and Bayer Corporation Severance Pay Plan ("the Plan") answer plaintiff's Complaint as follows:

*First Defense*

1.  Defendants admit the averments of Paragraphs 1, 2, 5, 6, 10, 26, 27, 28, 30, and 31 of the Complaint.

2.  After reasonable investigation, these defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 3, 4, 7, 8, 13, 14, 15, 17, 20, 23 and 24 of the Complaint.

3.  Defendants admit only so much of Paragraph 9 as avers that Bayer Corporation was the parent company of ChemDesign Corporation, owning 100 percent of its stock, but qualify this admission by averring that it sold the stock on November 30, 2001.

4.  Defendants admit only so much of Paragraph 11 as avers that, in connection with Bayer Corporation's sale of the stock of ChemDesign to Chestnut Acquisition Corporation, Bayer contracted to assume certain liabilities of ChemDesign. This admission is qualified,

{K0286146.1}

however, by denying that Bayer contracted to assume liability for vacation or severance payments.

5. Defendants admit only so much of Paragraph 16 as avers that plaintiff received long-term disability benefits under the Bayer Disability Plan during some period of time while he was on a medical leave of absence.

6. Defendants admit only so much of Paragraph 21 as avers that plaintiff made a request to Bayer for payment of allegedly accrued vacation pay.

7. Defendants answer the averments of Paragraphs 29 and 35 by incorporating herein by reference its answers to the paragraphs of the Complaint which are incorporated therein by reference as though fully set forth.

8. Except as expressly admitted above, each and every averment in the Complaint is denied.

### *Second Defense*

As to Count I, the plaintiff was not a participant in the Plan when his employment terminated.

### *Third Defense*

As to Count I, the Plan provides that severance benefits are not payable to an employee or former employee who was employed by a business the stock of which was sold by Bayer and who subsequently is able to return to work after a medical leave of absence. Even if plaintiff had been a participant in the Plan, his claim would be excluded under the foregoing provision.

### *Fourth Defense*

As to Count I, plaintiff is not entitled to a trial by jury.

### *Fifth Defense*

As to Counts I and II, solely for purposes of preserving an affirmative defense, pending further discovery, plaintiff's claim for severance pay benefits and vacation pay may be barred by the expiration of the applicable statutes of limitations, depending upon which the date on which the plaintiff's employment was terminated and the dates for which he claims vacation accruals.

### *Sixth Defense*

As to Count II, neither Bayer Corporation nor the Plan employed the plaintiff, and the plaintiff has never been entitled to vacation pay from either of these defendants.

WHEREFORE, defendants pray for judgment in their favor and against the plaintiff, together with all costs of these proceedings, including reasonable attorneys' fees, and for such other and further relief as may be warranted.

BAYER CORPORATION and
BAYER CORPORATION SEVERANCE PAY PLAN

By their attorneys,

*/s/ Erik J. Frick*
Erik J. Frick (BBO#553336)
Peter F. Carr (BBO#600069)
Eckert Seamans Cherin & Mellott LLC
One International Place
18th Floor
Boston, MA 02110
Telephone 617-342-6853
Facsimile 617-342-6899

OF COUNSEL:

John J. Myers
Pa. I.D. No. 23596
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
(412) 566-5900

August 9, 2004

{K0286146.1}

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer was served by U.S. mail, postage prepaid, this 9th day of August, 2004, upon the following counsel:

Richard A. Mulhearn, Esquire
Law Offices of Richard A. Mulhearn
41 Elm Street
Worcester, MA 01609
*attorney for Steven Lawrence*

Charles Mariolis, Esquire
515 Main Street
Fitchburg, MA 01420
(978) 345 7911
*attorney for ChemDesign Corporation*

_____
Erik J. Frick, Esq.

{K0286146.1}

4