UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN LAWRENCE,<br>            Plaintiff<br><br>    v.<br><br>CHEMDESIGN CORPORATION;<br>BAYER CORPORATION; and BAYER<br>CORPORATION SEVERANCE PAY<br>PLAN,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Docket No. 04-40067-NMG

**ANSWER OF CHEMDESIGN CORPORATION**

Chemdesign Corporation ("ChemDesign") answers plaintiff's Complaint as follows:

*First Defense*

1.   ChemDesign admits the averments of Paragraphs 1, 2, 4 and 10 of the Complaint.

2.   After reasonable investigation, these defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraphs 3, 5, 6, 13, 14, 15, 16, 18, 19, 20, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33 and 34 of the Complaint.

3.   On information and belief, Defendant admits only so much of Paragraph 7 as avers that plaintiff was an employee of ChemDesign Corporation, but is otherwise without knowledge or information sufficient to form a belief as to the date of plaintiff's hire.

4.   On information and belief, Defendant admits only so much of Paragraph 8 as

3

avers that plaintiff was an employee of ChemDesign Corporation, but is otherwise without knowledge or information sufficient to form a belief as to the various positions plaintiff held.

5.     Defendant admits only so much of Paragraph 9 as avers that Bayer Corporation owned 100 percent of ChemDesign's stock, but qualifies this admission by averring that Bayer Corporation sold the stock on November 30, 2001 and further qualifyies this admission by stating that it is otherwise without knowledge or information sufficient to form a belief as to when Bayer Corporation acquired said stock.

6.     Defendant admits only so much of Paragraph 11 as avers that, in connection with Bayer Corporation's sale of the stock of ChemDesign to Chestnut Acquisition Corporation, Bayer contracted to assume certain liabilities of ChemDesign.

7.     Defendant admits only so much of Paragraph 21 as avers that plaintiff made a request to Chemdesign for payment of allegedly accrued vacation pay.

8.     Defendant answers the averments of Paragraphs 29 and 35 by incorporating herein by reference its answers to the paragraphs of the Complaint, which are incorporated therein by reference as though fully set forth.

9.     Except as expressly admitted above, each and every averment in the Complaint is denied.

***Second Defense***

As to Count I, the defendant ChemDesign is niether the administrator nor sponser of the Plan nor did it deny benefits under the plan or make any determination as to plaintiff's benefits thereunder.

### *Third Defense*

As to Counts I and II, solely for purposes of preserving an affirmative defense, pending further discovery, plaintiffs claim for severance pay benefits and vacation pay may be barred by the expiration of the applicable statutes of limitations, depending upon the date on which the plaintiffs employment was terminated and the dates for which he claims vacation accruals.

WHEREFORE, defendant prays for judgment in its favor and against the plaintiff together with all costs of these proceedings, including reasonable attorneys' fees, and for such other and further relief as may be warranted.

        CHEMDESIGN CORPORATION

        By its attorney,

        /s/_____  
        C. Theodore Mariolis, Esq.  
        Attorney for Defendant  
        Gelinas & Ward, LLP  
        515 Main Street,  
        P.O. Box 7656  
        Fitchburg, MA 01420  
        (978) 345-7911  
        BBO# 320440 (CTM)  
        Cmariolis@gelinasandward.com

DATED:  August 17, 2004

I hereby certify that a true and correct copy of the foregoing Answer was served by U.S. mail, postage prepaid, this 17th day of August, 2004, upon the following counsel:

Richard A. Mulhearn, Esquire
Law Offices of Richard A. Mulhearn
41 Elm Street
Worcester, MA 01609


Erik J. Frick, Esquire
Eckert Seamans Cherin & Mellott LLC
One International Place
18th Floor
Boston, MA 02110

Peter F. Carr, Esquire
Eckert Seamans Cherin & Mellott LLC
One International Place
18th Floor
Boston, MA 02110

OF COUNSEL:

John J. Myers
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219


/s/_____
C. Theodore Mariolis, Esq.
Attorney for Defendant
Gelinas & Ward, LLP
515 Main Street,
P.O. Box 7656
Fitchburg, MA 01420
Cmariolis@gelinasandward.com

DATED:  August 17, 2004

3